UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THERON BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-cv-219 |
| ) | |
| JASON DAVIS, CODY HARLAN, and ) | |
| DARRELL HIMELICK, Sheriff, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Theron Bailey, a prisoner confined at the Wabash Valley Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights while he was confined at the Grant County Jail as a pretrial detainee. The defendants were Grant County Sheriff Darrell Himelick and Deputy Sheriffs Jason Davis and Cody Harlan. The court screened the complaint pursuant to 28 U.S.C. § 1915A, granted the plaintiff leave to proceed against Deputy Sheriffs Davis and Harlan in their personal capacities for damages on his claim that they did not deliver mail entrusted to them, and dismissed all other claims and defendants.

Bailey has now requested leave to amend his complaint by interlineation to renew his claim against Sheriff Himelick and to add Grant County as a defendant. In his Amendment to Complaint, Bailey asserts that "[t]he actions of Deputies Davis and Harlan were attributable to County and/or Sheriffs Departments policy, written or unwritten, regarding the handling of detainee legal mail." (DE 24-1).

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir.

1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993). Section § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp.2d 633 (N.D.Ind. 1998).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

According to the original complaint, in 2007 and 2008 Bailey was at the Grant County Jail as a pretrial detainee. Attorney Don Galloway was appointed to represent Bailey on the criminal charges against him. Bailey alleges that he sent two letters to Galloway that his attorney never received." (DE 1 at 4). One of the letters contained a list of eight witnesses he wanted to subpoena. He states that he obtained a jail mail log which he "thought, at that time, showed that Deputy Harlan (#1013) and Deputy Davis (#1017) had received letters from my attorney that I never received." [*Id.*]. Bailey alleges that on the day of his trial, Galloway said "he never got the letter (containing the list of witnesses) and it was too late to call any witnesses. I then realized the mail log actually showed that the deputies failed to deliver the letters . . . I had sent to Galloway." (*Id.*). The court granted Bailey leave to proceed against the individual officers on this claim, but dismissed Sheriff Himelick because the complaint did not allege either personal

involvement on his part or that he promulgated a policy that legal mail not be delivered.

Bailey now seeks to amend his complaint to add an official capacity claim against the Sheriff and/or Grant County, asserting that Deputies Davis and Harlan mishandled his mail in accordance with a written policy promulgated by Grant County and/or its sheriff, or pursuant to an unwritten policy condoned by the county and/or the sheriff. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities may be held liable for damages under § 1983 if a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). To prevail in an official capacity damage claim, a plaintiff must establish the existence of an official policy or custom by proving the existence of an express municipal policy that caused the alleged violation of his rights, *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734 (7th Cir. 1994), or by establishing the existence of a practice or custom so widespread or persistent that it rises to the level of a policy which can fairly be attributed to the municipality. *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). To establish a widespread practice or custom, a plaintiff must establish that officials knew of the problem, yet did nothing to solve it. *Dye v. Wargo*, 253 F.3d 296, 299. (7th Cir. 2001).

Grant County is not a proper defendant because under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. IND. CODE § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. App. 1994). "It is well settled that Indiana Sheriffs are not subject to the control or authority of the County Commissioners of the county in which they hold office." *Hupp v. Hill*,

576 N.E.2d 1320, 1226 (Ind. Ct. App. 1991).

> The county commissioners, and accordingly, the county does not have any control over the acts of the sheriff. The sheriff is an office created by Article 6, § 2 of the Indiana Constitution and the powers and duties of the office are established by the legislature. *See e.g.,* Ind. Code Ann. § 36-2-13-5 (Burns Supp. 1986). Although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by an deputy or, indeed, by the sheriff. *See* Ind. Code Ann. § 36-8-10-6(b) (Burns 1981). Hence, an agency relationship does not exist between the county and its commissioners and the sheriff.

*Delk v. Board of Commissioners of Delaware Co.*, 503 N.E.2d 436,440 (Ind Ct. App. 1987).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Bailey the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his official capacity claim against Sheriff Himelick. But the court cautions the plaintiff that "'considerably more proof than [a] single incident will be necessary . . . to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the unconstitutional deprivation.'" *Dye v. Wargo*, 253 F.3d 296, 299. (7th Cir. 2001), quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). The plaintiff bears the burden of proof to establish the existence of a written policy or a custom and practice, and he must provide more than one incident to establish a custom and practice.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's motion for leave to amend his complaint (DE 24) in part and DENIES it in part. The court DENIES the plaintiff leave to add Grant County as a defendant, and GRANTS his request to add Sheriff Darrell Himelick by interlineation as a defendant in his official capacity on his claim that Sheriff Himelick's subordinates acted under a written policy promulgated by the sheriff or an unwritten policy condoned

by the sheriff;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **DIRECTS** the marshals service to effect service of process on Sheriff Darrell Himelick on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order and the court's screening order dated December 1, 2009, is served on him along with the summons and complaint.

SO ORDERED.

Enter for March 16, 2010

    S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge