UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THERON BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:09-cv-219 |
| | ) |
| DARRELL HIMELICK, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a request filed by *pro se* Plaintiff Theron Bailey in this § 1983 case, together with a completed Questionnaire for Appointment of Counsel, asking that this Court request an attorney to represent him. (Docket # 53, 56.) Because Bailey's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

**ANALYSIS**

Applying the foregoing two-fold inquiry, it is evident that Bailey is competent to represent himself in this case. To explain, the suit is a relatively straightforward § 1983 action. Bailey claims, among other things, that Defendants interfered with mail between he and his counsel in violation of the First and Sixth Amendments. (Docket # 1.) Therefore, the first factor – the difficulty of his claims – cuts against Bailey's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se*

---

[1] Here, Bailey has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least four different attorneys; none, however, have taken his case. (Docket # 56.). Of course, this is an indication that Bailey's case may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Bailey has already adequately articulated his claims in this case and actively sought relief through various motions. (*See, e.g.*, Docket # 1, 2, 20, 24, 43, 53.) In fact, Bailey filed a Declaration designating evidence and a "Memorandum of Law" formulating cogent arguments and incorporating legal citations that were sufficient to withstand Defendants' first motion for summary judgment. (Docket # 44, 45, 47.) Thus, obviously he has already performed legal research and is fully capable of articulating and advancing his legal position.

Furthermore, this is not the first suit that Bailey has filed on a *pro se* basis, *see Bailey v. City of Marion*, 1:08-cv-136 (N.D. Ind. June 20, 2008), and thus he has some familiarity with the litigation process. Moreover, the Court has observed at Bailey's various court appearances in this case (Docket # 22, 48) that he has good communication skills, at least at a sufficient level to proceed *pro se.* Finally, the facts of these cases are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable, and the Court has already provided him with copies of the applicable Federal Rules of Civil Procedure concerning discovery. (*See* Docket # 48.) As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Bailey appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 53) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 18th day of February, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge